1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

| | |
|---|---|
| JANE DOE, et al., | CASE NO. C21-1274 RSM |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO PROCEED UNDER THE PSEUDONYMS JANE DOE, ANNIE DOE, BEA DOE, AND CLAIRE DOE |
| v. | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY (DHS), et al., | |
| Defendants. | |

9

10

11

12

13

14

15

16

    This matter is before the Court on Plaintiffs' Administrative Motion for Leave to Proceed Under the Pseudonyms Jane Doe, Annie Doe, Bea Doe, and Claire Doe.  Dkt. #1-13.[1]  For the reasons below, the Court grants the motion.

17

18

19

20

    Fearful for their physical safety in their home country of Angola, Plaintiffs Jane Doe and her children, Annie Doe, Bea Doe, and Claire Doe (collectively, the "Doe Children"), fled to the Democratic Republic of the Congo in 2015.  Dkt. #1 at ¶ 1.  Plaintiff Jane Doe has since traveled

21

22

23

24

[1] Plaintiffs filed their complaint and several additional filings at the same time.  All documents were filed cumulatively at Dkt. #1.  Plaintiffs' motion to proceed pseudonymously was included at Dkt. #1-13.  The documents were later docketed individually.  See Dkts. #2–#6.  The text of the Court's docket indicates that Plaintiffs' motion was docketed as Dkt. #3.  However, that appears to be a declaration of counsel which was docketed twice.  See Dkts. #3 and #4.  Accordingly, the Court has considered the motion that was originally attached to the complaint and docketed at Dkt. #1-13.

ORDER – 1

to the United States and has been granted asylum. *Id.* Upon being granted asylum, Plaintiff Jane Doe filed I-730 Follow-to-Join Asylee Relative Petitions on behalf of the Doe Children. *Id.* at ¶ 2. Those petitions have been approved by the U.S. Citizenship and Immigration Services, but travel documents have not been issued by the National Visa Center. *Id.* Plaintiff Jane Doe accordingly instituted this action to force Defendants to process and issue travel documents. *Id.* at ¶ 1. Due to the circumstances surrounding their flight from Angola and the danger to the Doe Children posed by their continued presence in the Democratic Republic of the Congo, Plaintiffs seek approval to use pseudonyms in their prosecution of this action. Dkt. #1-13.

Permitting a party to pursue legal proceedings anonymously is unusual as it interferes with the public's strong common law right of access to judicial proceedings and conflicts with Federal Rule of Civil Procedure 10. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000); FED. R. CIV. P. 10(a) (specifying that "[t]he title of the complaint must name all the parties"). "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. *Does I thru XXIII*, 214 F.3d at 1068. Anonymity has generally been permitted: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature;' and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct.'" *Id.* (alteration in original) (internal citations omitted). When determining the need for anonymity to protect from harm, courts look to: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* (internal citations omitted).

Here, the Court finds that granting Plaintiffs leave to proceed anonymously is appropriate. First, Plaintiffs do not seek to conceal their true identities from Defendants or the Court, mitigating any prejudice to Defendants. *See* Dkt. #1-13 at 2 (indicating that "Plaintiffs are prepared to provide a statement of their true identities to the Court and opposing counsel under seal"). Second, Plaintiffs' action relates to Plaintiff Jane Doe's asylum claim, which is itself afforded protection by Defendants' regulations. *See* 8 C.F.R. § 208.6. Third, Plaintiffs' complaint recounts "details of sexual violence against her and [the Doe Children] when they were minors" and these allegations are bolstered by the fact that Plaintiff Jane Doe was granted asylum due to "her well-founded fear of persecution if she returns to Angola." Dkt. #1-13 at 3; *see also* Dkt. #1 at ¶¶ 31–34. Fourth, Plaintiffs indicate that the Doe Children continue to reside in the Democratic Republic of the Congo, a country where the individual at the center of Plaintiff Jane Doe's asylum claim "has access and influence and could, in theory, find and prosecute Plaintiffs should their identities become public." Dkt. #1-13 at 5. Fifth, the public's interest in Plaintiffs' identities is lessened because Plaintiffs' action does not relate to the underlying basis for Plaintiff Jane Doe's asylum claim and instead focuses on whether Defendants' actions complied with applicable laws and administrative procedures. *See also International Refugee Assistance Project v. Trump*, Case No. TDC-17-0361, 2017 WL 818255 at *3 (D. Md. 2017) (noting decreased public interest in plaintiff's identify where action was "against the federal government, rather than private parties"). Sixth, and lastly, this Court's local rules provide interested parties opportunities to make countervailing arguments at later dates. *See, e.g.*, LOCAL RULES W.D. WASH. LCR 5(g)(8).

The Court notes that there are considerations that cut against permitting Plaintiffs to proceed anonymously. For instance, public access to this matter is already restricted as it relates to immigration matters and the danger to the Plaintiffs is reduced by the passage of time and their

ORDER – 3

escape from Angola.  However, the Court finds those considerations outweighed by the factors previously identified by the Court.

Accordingly, and for the reasons set forth herein, the Court finds and ORDERS that Plaintiffs' motion to proceed anonymously (Dkt. #1-13) is GRANTED.  Within fourteen (14) days of this Order, Plaintiffs shall file, under seal, a declaration as to Plaintiffs' true identities.

DATED this 18th day of November, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4